# Arbingast *against* Houk.

A constable, who through neglect of duty becomes liable for, and pays the amount of an execution directed to him, cannot recover the same from the original defendant.

ERROR to the common pleas of *Cumberland* county.

David Hartzell, for use of James Bredin, obtained a judgment before A. Ramsay, Esq., against Adam Houk, on the 26th of June 1830, for 12 dollars 31 cents. On the 12th of March 1831, execution issued thereon to John Arbingast, constable, which execution he permitted to die in his hands. On the 31st of August 1831, a summons issued by said justice in favour of the aforesaid plaintiffs against the said Arbingast, and on the 8th of September 1831, judgment was rendered by said justice in favour of plaintiffs, against said Arbingast, for 14 dollars 19 cents, the debt, interest, and costs of the original judgment. On the 17th of September 1831, execution issued on said judgment to the supervisor, against said constable Arbingast, and returned 6th of October 1831, goods levied. On the 14th of November 1831, defendant Arbingast, paid plaintiffs debt, interest and costs, and on the 5th of December 1831, plaintiffs assigned to John Arbingast the original judgment against Adam Houk. On the 27th of March 1832, a *scire facias* issued against Adam Houk's administrators, to revive the original judgment for the use of John Arbingast, and judgment was entered by the justice on said *scire facias*, in favour of plaintiff, on the 3d day of May 1832, from which judgment Adam Houk's administrators appealed.

The question for the opinion of the court was, whether upon these facts the plaintiff might recover.

The court below (Reed, president) decided that the plaintiff could not recover.

*Biddle*, for plaintiff in error, cited *Act of* 1810, *sect.* 12; 7 *Law Lib.* 102; 3 *Rep.* 52; 1 *Cox's Rep.* 228; 9 *Mass.* 133.

*Dever* and *Watts*, for defendant in error, cited 9 *Mass.* 138;

[Arbingast v. Houk.]

1 *South. Rep.* 153; 7 *Johns.* 428; 3 *Johns.* 429; 8 *Johns.* 436; 14 *Johns.* 378; *Peak N. P. C.* 144.

The opinion of the Court was delivered by

SERGEANT, J.—When the plaintiff's debt, interest, and costs are paid to him by legal process on his 'judgment, his claim is satisfied. It has not been supposed that he could proceed against the defendant, after recovery from the constable, and receive his debt a second time. Payment by the constable under process on the judgment, is equivalent to collecting the money by levy and sale of the defendant's property, the constable being by the act of assembly made *debitor ex delicto.* The only reservation made, is by the act of the 24th of April 1829, which enables one entering special bail for stay of execution, or otherwise, to prosecute the judgment in the name of the plaintiff. No such authority is given to the constable: nor, perhaps, was it deemed wise to furnish him an indemnity for the wilful neglect of his duty, in not making return to the execution as required by law. It is true, the defendant has paid nothing: but the plaintiff has received satisfaction, and has, therefore, no longer an interest to assign.

Judgment affirmed.